

# CSC

# Notice of Service of Process

null / ALL
Transmittal Number: 19738920
Date Processed: 05/01/2019

| | |
|---|---|
| Primary Contact: | Erin Ryder (S-LA1)<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. S., Suite 800<br>Seattle, WA 98134-1435 |
| Electronic copy provided to: | Regina Boyd |
| Entity: | Starbucks Corporation<br>Entity ID Number  0178010 |
| Entity Served: | Starbucks Corporation |
| Title of Action: | Harold Stanley Jackson vs. Starbucks Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Superior Court, DC |
| Case/Reference No: | 2019 CA 002617 B |
| Jurisdiction Served: | District Of Columbia |
| Date Served on CSC: | 04/30/2019 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Timothy R. Clinton<br>202-996-0919 |

Notes:   Document served as is, all pages are present.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

HAROLD STANLEY JACKSON
Vs.                                                            C.A. No.      2019 CA 002617 B
STARBUCKS CORPORATION

# INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                          Chief Judge Robert E. Morin

Case Assigned to: Judge KELLY A HIGASHI
Date:   April 23, 2019
Initial Conference: 9:30 am, Friday, July 26, 2019
Location:  Courtroom A-47
           515 5th Street NW
           WASHINGTON, DC 20001

                                                                              CAIO-60
CaseMail ID: CM-16873-0011

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.



Chief     Judge     Robert     E.     Morin

CAIO-60

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Harold Stanley Jackson     Case Number: 2019 CA 002617 B

vs     Date: April 22, 2019

Starbucks Corporation     ☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Timothy R. Clinton | Relationship to Lawsuit |
|---|---|
| Firm Name: Clinton & Peed | [X] Attorney for Plaintiff ☐ Self (Pro Se) |
| Telephone No.: (202) 621-1828    Six digit Unified Bar No.: 494882 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☐ 6 Person Jury     [X] 12 Person Jury

Demand: $ 100,000     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**     **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
[X] 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Timothy R. Clinton  
Attorney's Signature

April 22, 2019  
Date



CV-496/ June 2015

CaseMail ID: CM-16873-0011



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Harold Stanley Jackson
_____
Plaintiff
vs.

Starbucks Corporation
_____
Defendant

Case Number  **2019 CA 002617 B**

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Timothy R. Clinton
_____
Name of Plaintiff's Attorney

777 6th Street NW, 11th Floor
_____
Address
Washington, DC 20001
_____

(202) 621-1828
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  **04/23/2019**

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요.     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                             Super. Ct. Civ. R. 4
CaseMail ID: CM-16873-0011





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                    Demandante
        contra

                                                Número de Caso: _____

_____
                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                            Por: _____
                                                        Subsecretario
_____
Dirección

                                            Fecha _____
_____
Teléfono
如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Dể có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828로 연락하십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4



CaseMail ID: CM-16873-0011

Filed
D.C. Superior Court
04/22/2019 23:22PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Harold Stanley Jackson,<br>An individual residing at<br>3220 Connecticut Ave. NW, Apt. 2<br>Washington, DC 20008-2510,<br><br>*Plaintiff,*<br><br>v.<br><br>Starbucks Corporation<br>2401 Utah Ave S<br>MS: S-LA1<br>Seattle, Washington 98134,<br><br>   Serve:<br>   Prentice-Hall Corp. Sys., Inc.<br>   1090 Vermont Ave NW<br>   Washington, DC 20005<br><br>and<br><br>John Doe<br>Residence unknown,<br><br>*Defendants.* | Case No: 2019 CA 002617 B<br><br>COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

Plaintiff Harold Stanley Jackson submits this Complaint against Defendant Starbucks Corporation and alleges and seeks relief as follows:

### Introduction

1. Last year, Plaintiff Harold Stanley Jackson, an African-American man, was standing in line at Starbucks located at 2130 H Street NW. He saw a Caucasian woman picking up a retail item and holding it in her hand while waiting to pay. When Mr.



Jackson did the same thing, a Starbucks employee told him that he was "not supposed to touch" items for sale. Mr. Jackson complained about this racially disparate treatment: "You saw the white lady do the same thing, why take it out on me?"

2.  In response, Starbucks employee John Doe said, "He gotta get out." The Starbucks employee then pushed Mr. Jackson. After being pushed by the Starbucks employee, Mr. Jackson fell and suffered a seizure; he woke up in the hospital.

3.  Mr. Jackson now seeks compensation for the economic and non-economic injuries that she suffered because of this misconduct by Starbucks and its employees.

### Parties

4.  Plaintiff Harold Stanley Jackson is an individual who resides in the District of Columbia at 3220 Connecticut Avenue NW, Apt. 2; Washington, DC 20008-2510.

5.  Defendant Starbucks Corporation is a corporation organized and existing under the laws of the State of Washington. Since 1992, Starbucks has been registered to do business in the District of Columbia and has regularly done and solicited business in the District of Columbia. Its headquarters is located at 2401 Utah Avenue S; Seattle, WA 98134. On information and belief, Starbucks owns and operates the store in which Mr. Jackson was injured.

6.  Defendant John Doe is the Starbucks employee who pushed Mr. Jackson on April 24, 2018 at 2130 H Street NW in Washington, DC.

### Jurisdiction and Venue

7.  This Court has jurisdiction over Plaintiffs' claims under D.C. Code § 11-921.

8.  Personal jurisdiction is proper under D.C. Code § 423(a). Each of the

2

Defendants, directly or through an agent, caused tortious injury in the District of Columbia by acts or omissions in the District of Columbia

9. Venue is proper in the District of Columbia because Plaintiff's injuries arose and continue in the District of Columbia.

### Factual Background

10. On April 24, 2018, Mr. Jackson and his fiancé stopped at the Starbucks located at 2130 H Street NW in Washington, DC.

11. Mr. Jackson went inside. His fiancé was talking to someone on the phone and waited outside.

> A. *Unlike a white customer who did the same thing, Mr. Jackson is admonished for picking up a retail item while in line to pay for it*

12. While Mr. Jackson waited in line, a Caucasian woman in front of him grabbed a retail item from a display rack and held it in her hand while waiting to pay.

13. Mr. Jackson did the same thing: He stepped out of line for a moment, picked up a bag of dipped madeleines, and then returned to his place in line.

14. The Starbucks employee at the register then said something like, "Sir, you're not supposed to touch those."

15. Mr. Jackson replied to the effect of, "What, do you think I'm going to steal it?" He then pointed out that the Caucasian woman in line had done the same thing, free of reprimand.

16. When the employee continued to insist that he return the item to the shelf, Mr. Jackson asked to speak to a manager.



3

> B. *Starbucks employee John Doe twice pushes Mr. Jackson, causing him to fall and lose consciousness*

17. As someone who appeared to be the Starbucks manager approached Mr. Jackson, Starbucks employee John Doe moved the manager out of the way; Doe then said "he gonna get out" and pushed Mr. Jackson.

18. Mr. Jackson replied, "Big man, don't put your hands on me no more."

19. Doe pushed Mr. Jackson again; Mr. Jackson fell back.

20. After he fell, Mr. Jackson lost consciousness and appears to have suffered a seizure.

21. When he woke up, Mr. Jackson heard his fiancé screaming, "Who touched him?" Another person advised him to be still.

22. As a result of his injuries, Mr. Jackson was hospitalized for several hours.

> C. *Mr. Jackson experiences ongoing injuries, pain, and suffering*

23. Over the following days and weeks, Mr. Jackson suffered severe pain in his neck and back and needed to wear a brace.

24. To this day, he continues to suffer neck and back pain caused by Doe in April 2018.

25. As a result of his injuries, Mr. Jackson has incurred medical expenses relating to their diagnosis and treatment.

26. The physical pain from his injuries have prevented him from exercising as he used to, made it difficult for him to sleep, and limited his major life activities, such as cleaning up his apartment, and these limitations have caused substantial mental

4

anguish and frustration.

27. Finally, Mr. Jackson was humiliated because Starbucks, a public accommodation, treated him unequally because of his race.

### Count I: Negligence

28. Plaintiff incorporates the allegations set forth in paragraphs 1 through 27 above as if fully set forth here.

29. Starbucks owes a duty of reasonable care to customers in its retail stores.

30. Doe failed to exercise reasonable care by twice pushing Mr. Jackson, causing Mr. Jackson to fall and sustain injuries.

31. Starbucks is vicariously liable for Doe's actions, which were (a) within the scope of his employment, (b) motivated at least in part by a desire to serve his employer, and (c) a foreseeable consequence of the hostile situation created for Mr. Jackson on account of his race.

32. As a direct and proximate result of Defendants' acts and omissions described above, Mr. Jackson has suffered and will continue to suffer substantial economic and non-economic harm, including (a) lost income, (b) medical expenses, (c) physical pain, and (d) mental anguish.

### Count II: Battery

33. Plaintiff incorporates the allegations set forth in paragraphs 1 through 27 above as if fully set forth here.

34. Doe intentionally pushed Mr. Jackson, causing a harmful and offensive bodily contact.



CaseMail ID: CM-16873-0011

35. Starbucks is vicariously liable for Doe's actions, which were (a) within the scope of his employment, (b) motivated at least in part by a desire to serve his employer, and (c) a foreseeable consequence of the hostile situation created for Mr. Jackson on account of his race.

36. As a direct and proximate result of Defendants' acts and omissions described above, Mr. Jackson has suffered and will continue to suffer substantial economic and non-economic harm, including (a) medical expenses, (b) physical pain, and (c) mental anguish, including humiliation and embarrassment.

### Count III: D.C. Human Rights Act, D.C. Code § 2-1402.31

37. Plaintiff incorporates the allegations set forth in paragraphs 1 through 27 above as if fully set forth here.

38. Mr. Jackson is African American, and thus a member of a protected racial group.

39. Defendant Starbucks intentionally discriminated against Mr. Jackson on account of his race, by (a) allowing a Caucasian patron to pick up a retail item while waiting in line to pay for it, but telling Mr. Jackson that he could not do the same until after he paid, and (b) having an employee push him.

40. Starbucks is vicariously liable for Doe's actions, which were (a) within the scope of his employment, (b) motivated at least in part by a desire to serve his employer, and (c) a foreseeable consequence of the hostile situation created for Mr. Jackson on account of his race.

41. This discrimination occurred in a Starbucks retail store, a place of public

6

CaseMail ID: CM-16873-0011

accommodation under the D.C. Human Rights Act.

42. Defendant's conduct, and the conduct of its employees within the scope of their employment, denied Mr. Jackson the full enjoyment of Starbucks's goods, services, facilities, privileges, advantages, and accommodations.

43. As a direct and proximate result of Defendants' acts and omissions described above, Mr. Jackson has suffered and will continue to suffer substantial economic and non-economic harm, including (a) medical expenses, (b) physical pain, and (c) mental anguish, including humiliation and embarrassment.

### Count IV: 42 U.S.C. § 1981

44. Plaintiff incorporates the allegations set forth in paragraphs 1 through 27 above as if fully set forth here.

45. Mr. Jackson is African American, and thus a member of a protected racial group.

46. Defendant Starbucks intentionally discriminated against Mr. Jackson on account of his race, by (a) allowing a Caucasian patron to pick up a retail item while waiting in line to pay for it, but telling Mr. Jackson that he could not do the same until after he paid, and (b) having an employee push him

47. Starbucks is vicariously liable for Doe's actions, which were (a) within the scope of his employment, (b) motivated at least in part by a desire to serve his employer, and (c) a foreseeable consequence of the hostile situation created for Mr. Jackson on account of his race.

48. Defendant's conduct, and the conduct of its employees within the scope of their



7

employment, denied Mr. Jackson the (a) full right to make and enforce contracts as is enjoyed by white citizens, and (b) enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

49. As a direct and proximate result of Defendants' acts and omissions described above, Mr. Jackson has suffered and will continue to suffer substantial economic and non-economic harm, including (a) medical expenses, (b) physical pain, and (c) mental anguish, including humiliation and embarrassment.

## Prayer for Relief

Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief, jointly and severally against each Defendant:

    a.    An award of at least $75,000 for past and future damages, including medical expenses, economic damages, and damages for physical pain and mental anguish, including humiliation and embarrassment;

    b.    An award of prejudgment interest on all liquidated sums;

    c.    An award of attorney's fees and costs; and

    d.    Additional relief as the Court deems just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

CaseMail ID: CM-16873-0011

April 22, 2019                    Respectfully submitted,

                                          /s/ Timothy R. Clinton
Timothy R. Clinton (D.C. Bar No. 497901)
Gregory M. Lipper (D.C. Bar No. 494882)
CLINTON & PEED
777 6th Street, 11th Floor
Washington, DC 20001
(202) 996-0919
tim@clintonpeed.com
glipper@clintonpeed.com

*Counsel for Plaintiff*

9



CaseMail ID: CM-16873-0011

RETURN RECEIPT REQUESTED ELECTRONICALLY

USPS CERTIFIED MAIL

9314 8000 3860 0215 1900 26

00000006 3 1.3

CM-16873-0011.01

STARBUCKS CORPORATION
C/O PRENTICE-HALL CORP SYS INC
1090 VERMONT AVE NW
WASHINGTON DC 20005-4905

Clinton & Peed PLLC
777 6th Street NW 11th Floor
Washington DC 20001

CM-wSig
00000006