UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAROLD STANLEY JACKSON,

Plaintiff,

v.

STARBUCKS CORPORATION,
and DAN WHITE-HUNT,

Defendants.

Case No. 1:19-cv-01487(RC)

**STARBUCKS CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT**

Pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 7, Defendant Starbucks Corporation ("Starbucks"), through its undersigned counsel, submits this Memorandum of Points and Authorities in Support of its Motion to Strike Portions of the Amended Complaint. The Court should strike Paragraphs 3, 4, 12-14 and 40-58 of Plaintiff's First Amended Complaint ("the Complaint") because those allegations have no logical connection to Plaintiff's claims of negligence, battery and discrimination based on race and personal appearance, they are inflammatory and unnecessary for Plaintiff to state his claim, and thus prejudicial to Defendant.

I. INTRODUCTION

Plaintiff Harold Stanley Jackson ("Plaintiff" or "Jackson") alleges that he sustained injuries on April 24, 2018 while patronizing the Starbucks store located at 2130 H Street, NW, Washington, DC. Plaintiff brings suit against Starbucks and the store manager, Dan White-Hunt, for negligence, battery, and race (African-American) and personal appearance (indigent) discrimination. To apparently bolster his claims, Plaintiff includes allegations pertaining to a wholly unrelated

incident that allegedly took place in a different store, involving different people entirely. Plaintiff also includes a rhetorical question and commentary about implicit bias theory and its impact on the decision-making of people of color. By this Motion, Starbucks seeks to strike Paragraphs 3, 4, 12-14 and 40-58 because the allegations contained therein are immaterial to Plaintiff's claims, inflammatory and prejudicial.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff claims upon entering a Starbucks store, he walked up to the counter and picked up two retail items. Compl. ¶18. Plaintiff then allegedly walked away from the counter with the merchandise. *Id*. Plaintiff contends that the cashier, seeing him with the items, told him he was not supposed to touch the items and that he had to pay for them. *Id*. ¶19. Plaintiff then allegedly responded to the cashier. *Id*. ¶19-20. Plaintiff further alleges that after speaking with the store manager he went to the back of the line. *Id*. ¶¶ 21, 23. Plaintiff alleges a Partner[1] then approached him and a physical altercation ensued, with the Partner allegedly pushing Plaintiff. *Id*. ¶ 28. Plaintiff contends that he was targeted by the store manager in violation of the District of Columbia Human Rights Act and Section 1981, 42 U.S.C. § 1981 because of his race (black) and apparent indigent status based on what he was wearing. He further alleges that Starbucks should be held vicariously liable for the store manager's alleged negligent supervision of a Partner and the same Partner's alleged pushing of Plaintiff. All of Plaintiff's claims relate to a single alleged incident that took place in the Starbucks store located at 2130 H Street, NW on April 24, 2018.

In an effort to state a claim, Plaintiff makes allegations related to a completely unrelated incident in Philadelphia. (Paragraphs 3-4; 12-14; 40-41; 58). He then seeks to bolster those allegations in Paragraphs 42-55 by making assertions related to implicit bias.[2] Finally, in

---
[1] Starbucks refers to its employees as "Partners."
[2] "Implicit bias" describes when individuals have attitudes towards people or associate

2

Paragraphs 56 and 57, Plaintiff makes allegations regarding two incidents with no apparent connection to the alleged occurrence involving Plaintiff.

### III. ARGUMENT

#### A. Standard for Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A matter is "immaterial or impertinent" when it "is not relevant to the resolution of the issue at hand." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004); *see also Smalls v. Chief of Police*, No. 4:15-CV-00017, 2015 WL 7162970, at *3 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004))(An "impertinent" matter does not "pertain, and [is] not necessary, to the issues in question."). Courts strike allegations and pleadings under Rule 12(f) when they are clearly designed to prejudice the court or jury against a party. *See Judicial Watch, Inc.*, 224 F.R.D. at 264 (striking "inflammatory and impugning" statements in a declaration that were "an obvious attempt to impugn the character of persons" related to the litigation); *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) (striking allegations of a party's racism).

Courts retain considerable discretion in ruling on a motion to strike, though such motions are generally disfavored. *Riddick v. Holland*, 134 F.Supp.3d 281, 285 (D.D.C. 2015)(quoting *United States ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 4 (D.D.C. 2015)) (stating Rule

---

stereotypes with them without conscious knowledge.

12(f) itself does not require the striking of prejudicial matters, and although courts disfavor motions to strike, courts have granted such motions upon a showing that parts of a pleading were prejudicial or scandalous). If the challenged allegations are both "irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.* 853 F. Supp. 457, 457 (D.D.C. 1994).

> **B.  Portions of the Complaint Should Be Struck Because They are Immaterial to Plaintiff's Claims and Prejudicial to Starbucks**

The allegations in Paragraphs 3, 4, 12-14 and 40-58 do not pertain to and are not necessary to the resolution of Plaintiff's claims of negligence, battery or discrimination based on race or personal appearance. Starbucks Corporation's potential liability under the DCHRA and/or Section 1981 requires Plaintiff to prove that Mr. White-Hunt harbored racial animus towards him, which caused Plaintiff harm, and that Starbucks was aware of Mr. White-Hunt's animus. *See Lemmons v. Georgetown Univ. Hosp.,* 431 F.Supp.2d 76, 86 (D.D.C.2006). Even if proven, which Plaintiff here will not be able to do, general discriminatory practices will not substitute for a showing of discrimination against Defendant. *See O'Regan v. Arbitration Forums, Inc.,* No. 95 C 6464, 1999 WL 731775, at *7 (N.D. Ill. Aug. 30, 1999).

The immaterial allegations begin in Paragraphs 3 and 4 of the Complaint. Of note, is the assertion in Paragraph 4 "it begs the question: "How does Starbucks treat its black and brown customers when the cameras are off?", Compl. ¶ 4, which serves solely to improperly cast Starbucks in a derogatory light. Then, there are the allegations regarding an incident in Philadelphia. *Id.* ¶¶ 3,-4, 12-14, 40-41, 58. There is no allegation in the Complaint to link the Philadelphia incident to Mr. White-Hunt's alleged conduct at the Washington, DC store on April 24, 2018, for which Plaintiff now seeks damages. In fact, the Philadelphia incident occurred two weeks before April 24, 2018 at a different store in a different state. There is no allegation that the

4

Partners involved in this lawsuit were involved in the Philadelphia incident. Likewise, the two incidents that Plaintiff discusses in Paragraphs 56-57 have no relation to the instant case. *Id.* ¶¶ 56-57. Those incidents as described in the Complaint are undated. It is also unclear where they allegedly occurred and who was involved.

Furthermore, there is no allegation in the Complaint that a person of color was motivated by a stereotype regarding African Americans to cause harm to Plaintiff. Nevertheless, in Paragraphs 42-57, Plaintiff discusses implicit bias, but there is no allegation in the Complaint that links these assertions to Plaintiff's claims. *Id.* ¶¶ 42-57. In Paragraph 46, Plaintiff alleges:

> 46. Implicit biases—i.e., the brain's automatic, instantaneous association of stereotypes and attitudes with particular groups of people in a way that is often contrary to our personal values—are based on socially constructed stereotypes.

*Id.* ¶46. Then, in Paragraphs 48-50, Plaintiff alleges:

> 48. Since the mid-twentieth century, social scientists have uncovered empirical evidence of negative attitudes toward African Americans as well as stereotypes about their being violent and criminal. Those biases persist today, as measured by not only explicit but also implicit instruments.
>
> 49. Internalized oppression and racism are insidious forces that cause marginalized groups to turn on themselves, often without even realizing it.
>
> 50. The combined effect of internalized oppression and internalized racism is often devastating—it can reinforce self-fulfilling negative stereotypes, resulting in self-destructive behavior.

*Id.* ¶¶ 48-50. Plaintiff continues this theoretical discussion in Paragraphs 42, 47, 51-57.

The allegations in Paragraphs 3, 4, 12-14 and 40-58 are intended solely to generate sympathy toward Plaintiff, prejudice Starbucks, and improperly bolster Plaintiff's case. It would be prejudicial to allow Plaintiff to link an event which occurred on April 24, 2018 to a wholly separate incident at another store in a different location on a different date. It also would be

prejudicial for Plaintiff to connect undated and unidentified incidents to the discrete facts of this case as he has done in Paragraphs 56 and 57. The allegations in Paragraphs 3, 4, 12-14 and 40-58 are intended solely to sensationalize this case, improperly bolster Plaintiff's pleading and prejudice Starbucks. Such allegations are precisely the kind of immaterial, impertinent and prejudicial allegations that should be struck under Rule 12(f).

## IV. CONCLUSION

For the foregoing reasons, Starbucks respectfully requests that the Court strike Paragraphs 3, 4, 12-14 and 40-58.

Dated: May 8, 2020

Respectfully submitted,

*/s/ Patricia B. Donkor*
Patricia Donkor (Bar No. 100455)
Alison N. Davis
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4006
Telephone: 202-842-3400
Facsimile: 202-842.0011 (Facsimile)
Attorneys for Defendant
Counsel for Starbucks

## CERTIFICATE OF SERVICE

I certify that on this 8th day of May 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system, which caused a copy of the same to be served upon:

Timothy R. Clinton
Clinton & Peed
777 6th Street NW, 11th Floor
Washington, D.C. 20001

*Counsel for Plaintiff*

*Patricia B. Donkor*
Patricia B. Donkor