UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HAROLD STANLEY JACKSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 19-1487 |
| | : | |
| v. | : | Re Document No.: 24 |
| | : | |
| STARBUCKS CORPORATION, | : | |
| | : | |
| and | : | |
| | : | |
| DAN WHITE-HUNT | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**
**DENYING DEFENDANT'S MOTION TO STRIKE**

### I.   Introduction

This matter comes before the Court on the Defendant's motion to strike allegations contained in paragraphs 3, 4, 12, 14, 40–58 of Plaintiff's amended complaint. Starbucks Corp. Mot. to Strike Portions of the First Am. Compl. ("Mot. Strike"), ECF No. 24, ¶ 1.  Plaintiff Harold Stanley Jackson initiated this action after an incident that occurred on April 24, 2018, at a Starbucks store located in Washington, DC.  Plaintiff has filed a suit against Defendants Starbucks and store manager Dan White-Hunt alleging negligence, battery, race discrimination, and personal appearance discrimination.  *See* First Am. Compl. ("First Am. Compl."), ECF No. 22, ¶ 1.  Starbucks moves to strike the aforementioned allegations from the complaint, claiming that "they are inflammatory and unnecessary for Plaintiff to state his claim, and thus prejudicial

to defendant." Mot. Strike ¶ 1.[1]  For the reasons that follow, the Court will deny the Defendant's motion to strike.

## II.   Factual and Procedural Background[2]

On April 24, 2018, Plaintiff, wearing a dark winter coat with the hood over his head, entered the Starbucks store located at 2130 H Street, NW, headed towards the register, picked up two retail items, and began walking towards the end of the line. *See* First Am. Compl. ¶ 1.  The Starbucks cashier then communicated to Plaintiff that he "was not supposed to touch" the items and that he had to pay for them. *Id.* ¶¶ 1, 19; *see also* Starbucks Corp. Mem. Supp. Mot. to Strike ("Mot. Strike Mem."), ECF No. 24-1, ¶ 3.  The interaction with the cashier consequently led Plaintiff to ask to speak to a manager. First Am. Comp. ¶ 21.  Soon after, Plaintiff had a conversation with Defendant, Mr. White-Hunt, who was the manager of the store. *Id.* ¶ 23.  After a brief encounter with Mr. White-Hunt, Plaintiff walked toward the end of the checkout line to purchase the items.  First Am. Compl. ¶¶ 1, 2.  However, as Mr. Jackson headed to the end of the line, another Starbucks employee, Richard Washington, approached him and pushed him. First Am. Compl. ¶ 28.  Plaintiff subsequently fell and suffered a seizure.  *Id.*  Plaintiff further contends that he was subjected to unfair treatment by the Defendants based on his race (Black) and his physical appearance when an employee told him that he could not pick up and hold the retail items with the insinuation that Plaintiff intended to steal the items.  *See* First Am. Compl. ¶ 63, 86.  The amended complaint describes Mr. Jackson as "appear[ing] physically in a

---

[1] The other Defendant in this suit, Dan White-Hunt, has not filed a motion or any response to the Amended Complaint.

[2] As the Court is denying the Defendant's motion to strike portions of the Plaintiff's first amended complaint, the relevant facts are drawn from Plaintiff's first amended complaint and Defendant's memorandum supporting the motion to strike. The Court assumes factual allegations in the complaint are true for the purposes of this motion to strike.

manner that some might interpret as being indigent, homeless, or otherwise belonging to a protected group of vulnerable people in our society." *Id.* ¶ 78.

On April 22, 2019, Plaintiff filed a complaint against Defendants, Starbucks Corporation and Mr. White-Hunt, in the Superior Court of the District of Columbia. *See* Notice of Removal, Superior Court Complaint, ECF No. 1-4, 8. Defendant Starbucks removed the case to this Court on May 21, 2019. Notice of Removal, ECF No. 1. Plaintiff asserts four claims. Count one is a negligence claim against Starbucks and Mr. White-Hunt. Count two is a battery claim against Starbucks and Mr. White-Hunt. Counts three and four are racial discrimination, and physical appearance discrimination claims pursuant to the D.C. Human Rights Act, D.C. Code § 2-1402.31, and 42 U.S.C. § 1981, both against Starbucks. *See* First Am. Compl. ¶¶ 64–89. This Court has original jurisdiction over the claim of discrimination in violation of 42 U.S.C. § 1981 and supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C § 1367(a). *See* Notice of Removal, ECF No. 1.

As noted, Starbucks seeks to strike the allegations contained in paragraphs 3, 4, 12, 14, 40-58 of the complaint (the "disputed allegations"). Mot. Strike ¶ 1. The disputed allegations involve descriptions of other incidents involving racial and physical appearance discrimination that have occurred in other Starbucks stores, as well as a brief discussion of the societal dangers and implications of implicit bias theory. Specifically, paragraphs 3–4, 12–14, 40–41, and 58 contain a narrative of a separate, recorded incident in Philadelphia that occurred two weeks prior to the incident in this case and generated national attention and discussion about racial discrimination. *See* First Am. Compl. ¶¶ 3–4, 12-14, 40, 41, 58. Paragraph 4 also asks a rhetorical question in response to the Philadelphia incident: "How does Starbucks treat its brown and black customers when the cameras are off?" *Id.* ¶ 4. Paragraphs 42-55 generally explain the

3

concept of implicit bias but do not mention or refer to Starbucks or Mr. White-Hunt. *See id.* ¶¶ 42–55. Paragraphs 56 and 57 further provide separate examples of discriminatory treatment of Starbucks customers by Starbucks employees in other stores. *See id.* ¶¶ 56–57.

### III.  Legal Standard

Federal Rule of Civil Procedure 12(f) provides in part that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In considering a motion to strike, the Court "will draw all reasonable inferences in the pleaders favor and resolve all doubts in favor of denying the motion to strike." *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003). A court has broad discretion in considering a motion to strike but granting such a motion is a drastic remedy. *Fed. Trade Comm'n v. Cantkier*, 767 F. Supp. 2d 147, 159-60 (D.D.C. 2011); *Uzlyan v. Solis*, 706 F. Supp. 2d 44, 51 (D.D.C. 2010). As a result, motions to strike are disfavored. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam). Motions to strike are also disfavored when irrelevant allegations provide some context or utility to the complaint. *See NCB Mgmt. Servs., Inc. v. F.D.I.C.*, 843 F. Supp. 2d 62, 72 (D.D.C. 2012) (holding that allegations that are not directly relevant nevertheless "provide helpful context about the history of the parties' dispute"); *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 264 (D.D.C. 2004) ("If any other factual statements made . . . supported or otherwise gave context or utility to these statements, then the Court would be less likely to strike them.").

Consequently, because courts view motions to strike with such disfavor, many courts "will grant such motions only if the portions sought to be stricken are prejudicial or scandalous." *Nwachukwu*, 216 F.R.D. at 178. Thus, motions to strike are typically granted when the

allegations are "indefensible and wholly inappropriate" and undermine the dignity of the Court. *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003)*; cf. Sec. and Exch. Comm'n v. Gulf & W. Indus., Inc.*, 502 F. Supp. 343, 345 (D.D.C. 1980) (granting a motion to strike where striking a clearly frivolous affirmative defense would avoid wasting court resources).

### IV.   Analysis

Defendant Starbucks moves to strike allegations (paragraphs 3, 4, 12, 14, and 40–58) contained in Plaintiff's amended complaint pursuant to Federal Rule of Procedure 12(f). Mot. Strike ¶ 1. Starbucks first contends that the disputed allegations "are intended solely to generate sympathy toward the Plaintiff, prejudice Starbucks, and improperly bolster Plaintiff's case." *See* Mot. Strike Mem. ¶ 9. Plaintiff contends that the challenged allegations provide "helpful context" of similar mistreatment of Black customers in Starbucks stores. *See* Opp'n to Mot. to Strike ("Opp'n Mot. Strike"), ECF No. 25, ¶ 8.

As explained above, courts will generally only grant a motion to strike if the material at issue is "scandalous." *Nwachukwu*, 216 F.R.D. at 178. "Scandalous" material "generally refers to any allegation that unnecessarily reflects on the moral character of an individual." *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) (internal citations omitted). However, allegations that cast a party in a merely "derogatory light [are] insufficient to warrant the striking of allegations from a complaint." *Uzlyan,* 706 F. Supp. 2d at 58. Therefore, an allegation is not "scandalous" unless it suggests a needlessly cruel and damaging depiction of a party. *See Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (striking immaterial, inflammatory, and impugning allegations).

Here, the Defendant has failed to demonstrate that the disputed allegations in Plaintiff's amended complaint are "scandalous" or that they undermine the dignity of the Court. Defendant

contends that the description of a separate incident in Philadelphia, the examples of discrimination in Starbucks stores, and the rhetorical question in paragraph 4 are irrelevant and solely seek to prejudice Defendant. *See* Mot. Strike Mem ¶ 10.  But a pleading may depict the defendant in a negative or even disparaging manner without necessarily making allegations scandalous enough to be removed through a motion to strike. *See Uzlyan*, 706 F. Supp. 2d at 58 ("In the absence of pejorative adjectives characterizing the facts alleged or other colorful language, the fact that a Plaintiff's allegations may cast the defendant in a 'derogatory light' is insufficient to warrant the striking of allegations from a complaint.").

When courts in this district have struck material from a pleading, it has involved scandalous material that only served to unreasonably and brazenly comment on the moral character of a party.  For example, the court in *Jackson v. H.R. Nicholson Co.* struck references that included unsupported speculation that the defendant was involved in a conspiracy to commit genocide and to eliminate an unspecified ethnic, racial, or religious group.  545 F. Supp. 762, 764 (D.D.C. 1982).  Similarly, in *Wiggins v. Philip Morris, Inc.*, the court granted a motion to strike a description of the defendant's employee as a "renegade employee" whose alleged abuse of narcotics drove his malice toward Plaintiff, which resulted in Plaintiff's termination.  The court found that these allegations were "simply irrelevant as to Plaintiff's civil rights causes of action against [defendant]" because they were not directed at a party in the suit and were therefore "irrelevant and prejudicial."  853 F. Supp. 457, 457-8 (D.D.C. 1994).  In contradiction to *Wiggins* and *Jackson*, all the disputed allegations in this case are more explanatory than scandalous.  Additionally, unlike *Wiggins*, there is no injurious mention of a third party not involved in this suit.

More specifically, the allegations mentioning the Philadelphia incident (paragraphs 3-4, 12-14, 40-41, and 58) do not make disparaging or inflammatory accusations against either Defendant.  Starbucks itself has commented publicly on the Philadelphia incident as the incident has gained wide media attention.  *See* First Am. Compl. ¶ 3; Starbucks Corp. Reply in Further Supp. of its Mot. to Strike Portions of the First Am. Compl. ("Reply"), ECF No. 27, ¶ 4.  The rhetorical question (paragraph 4), even if leading and somewhat irrelevant, fails to meet the threshold for scandalous material that threatens the dignity of the Court because it is neither inflammatory nor insulting.  *See Pigford*, 215 F.R.D. at 3 (striking unsubstantiated accusations of "contempt for 'lawyers of color'" and "racist attitude").

Furthermore, paragraphs 56 and 57 provide two summarized examples of Starbucks employees' experiences of making biased judgments against their customers based on the customers' physical appearance or race.  First Am. Compl. ¶ 56–57.  These are summaries of short audio excerpts posted on Starbucks' public website and used as learning tools for company-wide training.  *See* Reply ¶ 1, n.2.[3]  Starbucks argues that this use of information it publicly shared is prejudicial.  However, the Court fails to see how the examples could rise to the level of "scandalous" or "impertinent," considering that Starbucks posted them on their own website and advertises them as a means of being more transparent about discrimination in its stores.  Again, the Court will not strike allegations simply because they may generate sympathy for a Plaintiff if the allegations are not actually scandalous.  The Court can simply disregard this material if it is irrelevant, and it is unlikely to have any significant impact on the case going forward.

---

[3] This material was easily retrievable from Starbucks' website.  *The Third Place: Our Commitment, Renewed*, Starbucks Stories & News (May 30, 2018), https://stories.starbucks.com/stories/2018/thethirdplace/.

Defendant also contends that all of the disputed allegations are irrelevant and unnecessary to resolve Plaintiff's claims.  Mot. Strike Mem. ¶ 7.  However, courts will only strike allegations as irrelevant if "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation" or if "it can be shown that no evidence in support of the allegation would be admissible."  *Cobell v. Norton*, 224 F.R.D. 1, 2 (D.D.C. 2004).  Here, some of the disputed allegations could become relevant as this case progresses through discovery as Starbucks has not established that the disputed allegations have no possible bearing to this litigation.  Even if it had, though, relevance is not the standard for a motion to strike, and irrelevant information may remain in a complaint so long as it is not scandalous or prejudicial..  *See NCB Mgmt. Servs., Inc.*, 843 F. Supp. 2d at 72 (rejecting a motion to strike irrelevant allegations that did not generate confusion or undue prejudice but did provide helpful context); *Patton Boggs, LLP v. Chevron Corp.*, 791 F. Supp. 2d 13, 22 (D.D.C. 2011) (recognizing in a motion to strike that it is common practice "for parties to provide the court with a certain amount of background information that is not directly relevant to the merits of the claim or motion at issue. . . . ensur[ing] that the court understands the context in which the dispute arose").

The allegations about implicit bias (paragraphs 42-55) do not directly relate to Plaintiff's claims.  However, none of these allegations discuss or mention the Defendants and are therefore not directly prejudicial.  They deal with extraneous concerns that can simply be ignored if irrelevant.  *See Patton Boggs, LLP*, 791 F. Supp. 2d at 22 ("[N]one of the allegedly extraneous allegations . . . are potentially prejudicial . . . rather, they deal with matters that the Court simply need not consider in resolving the motion").

Regarding all the disputed allegations, the Court reminds the parties that matters alleged at the pleading stage must still meet the relevance standard before discovery can be compelled.

*See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. . ."). And even if information concerning the disputed allegations were discoverable, this says nothing about whether such evidence would be admissible. These are matters for another day. Nevertheless, the Court finds that it is unnecessary to strike the disputed allegations at the pleadings stage. *See also Makuch v. FBI*, No. Civ. A. 99-1094 RMU, 2000 WL 915767 at * 1 (D.D.C. Jan. 7, 2000) ("[S]o long as the complaint states a claim and is otherwise legally sufficient, the efforts of the parties and the attention of the court are better spent on the substantive merits of the action rather than the contents of the pleadings").

Accordingly, the Court finds that the Defendant has failed to demonstrate that the disputed allegations are scandalous, detract from the dignity of the Court, or otherwise meet the standard required by Fed. R. Civ. P. 12(f). Thus, the Court will deny the Defendant's motion to strike.

Therefore, it is hereby **ORDERED** that Starbucks Corporation Motion to Strike (ECF No. 24) is DENIED. A separate order is contemporaneously filed.

Dated: July 7, 2020                                                              RUDOLPH CONTRERAS,
                                                                                 United States District Judge