**EXHIBIT**
**1**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HAROLD STANLEY JACKSON,

Plaintiff,

v.

STARBUCKS CORPORATION,
and JOHN DOE,

Defendants.

Case No. 1:19-cv-01487

**DEFENDANT'S ANSWERS AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET REQUEST FOR PRODUCTION**
**OF DOCUMENTS**

Defendant Starbucks Corporation ("Starbucks" or "Defendant") hereby submits its answers

and objections to Plaintiff Harold Stanley Jackson's First Set of Production of Documents.

**PRELIMINARY STATEMENT**

Starbucks's Answers and Objections are made solely for the purpose of this action. These

Answers and Objections are based only upon information presently available to Starbucks and,

except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.

The fact that Starbucks has answered or objected to any request should not be taken as an admission

that Starbucks accepts or admits the existence of any fact set forth or assumed by such Request, or

that such Answer or Objection constitutes admissible evidence.

Starbucks objects to Plaintiff's Requests to the extent that they attempt or purport to impose

obligations beyond those authorized by the Federal Rules of Civil Procedure or the Local Rules of

the United States District Court for the District of Columbia. Starbucks specifically objects to,

rejects and repudiates, the "Instructions" and "Definitions" in Plaintiff's Requests and it shall

provide objections and responses in accordance with the Federal Rules of Civil Procedure, and the

objections and limitations set forth herein.

1

Starbucks states that the inadvertent production of any privileged documents, information or materials shall not constitute a waiver of any applicable privilege with respect to such documents, information or materials.

## REQUESTS FOR PRODUCTION

1.      All electronic surveillance (including any video, audio, and security camera footage) of the Store (including its interior and exterior) recorded on April 24, 2018.

**Response: Starbucks possesses one video of the incident.  Starbucks has previously supplied a copy of that video to Plaintiff.**

2.      All communications discussing Plaintiff Harold Jackson (whether or not he is identified by name) or the events described in the Complaint.

**Response:  Starbucks Incident Report, Bates Nos. STARBUCKS0000216 - STARBUCKS0000219; Bates No. STARBUCKS0000220.**

3.      The personnel files of any person working at the Store on April 24, 2018.

**Response: Starbucks objects to this Request on the grounds that it improperly seeks the disclosure of information that is neither material, necessary, relevant to the subject matter of this action, nor proportional to the needs of the case.   In particular, only three Starbucks partners interacted with Plaintiff on April 24, 2018.  Moreover, the entirety of Plaintiff's Complaint is about the alleged actions of one barista.  The personnel files of employees that did not interact with Plaintiff are irrelevant to any claims or defenses in this matter.  Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks will produce personnel files for Richard Washington, Chelsea Robinson, and Dan White-Hunt, only.  See Bates Nos.  STARBUCKS0000767- STARBUCKS0000811; STARBUCKS0000673- STARBUCKS0000743; STARBUCKS0000646 -STARBUCKS0000672; STARBUCKS0000744-STARBUCKS0000766.  Note, the personnel files are confidential and**

**subject to the February 7, 2020, Protective Order [Docket No. 16].**

        4.      Any notes relating to conversations, meetings, or phone calls with the person described in the Complaint as John Doe, or relating to the incident described in the Complaint.

**Response: None.**

        5.      All employee training materials, including manuals, instructional materials, emails, and other documents.

**Response: Starbucks objects to this Request on the grounds that it improperly seeks the disclosure of information that is neither material, necessary, relevant to the subject matter of this action, nor proportional to the needs of the case.   In particular, only three Starbucks partners interacted with Plaintiff on April 24, 2018.  Moreover, the entirety of Plaintiff's Complaint is about the alleged actions of one barista. Thus, training materials relating to non-barista positions are irrelevant.**

**Next, Starbucks regularly communicates daily updates to its partners, supervisors, and managers via a Starbucks Partner Portal.  The volume of those often daily updates makes providing copies in response to this broad request grossly disproportionate to the needs of this case.  In the event there were trainings or substantive policy changes affecting an individual partner or supervisor, their personnel files will reflect having completed that training or receipt of information regarding the policy change.  Starbucks provides copies of relevant personnel files within.**

**Moreover, any policies or procedures that were implemented after April 24, 2018, are not relevant to any potential claims or defenses at issue in the instant case.  Finally, the request is overly broad in that it does not take into account that Starbucks has a myriad of polices that are unrelated to the claims or potential defenses in this matter.  Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks produces policies governing**

**employee conduct, diversity, safety and security that were in place on April 24, 2018.**

**Starbucks will not produce stand-alone policy documents governing Starbucks' non-United**

**States stores, or any other policies or materials unrelated to employee conduct or**

**discrimination/anti-discrimination.   See Bates Nos. STARBUCKS0000079 -**

**STARBUCKS0000134; STARBUCKS0000001-STARBUCKS0000002; STARBUCKS0000003**

**-STARBUCKS0000078; STARBUCKS0000135-STARBUCKS0000166.  Note, the**

**aforementioned documents must remain confidential pursuant to the February 7, 2020,**

**Protective Order [Docket #16].**

6.  All documents related to discrimination or nondiscrimination, by the Store or its

employees, on the basis of race, religion, ethnicity, personal appearance, or nationality.

**Response: Response: Starbucks objects to this Request on the grounds that**

**it improperly seeks the disclosure of information that is neither material, necessary, relevant to**

**the subject matter of this action, nor proportional to the needs of the case.   In particular, only**

**three Starbucks partners interacted with Plaintiff on April 24, 2018.  Moreover, the entirety of**

**Plaintiff's Complaint is about the alleged actions of one barista. Thus, training materials**

**relating to non-barista positions are irrelevant.**

**Next, Starbucks regularly communicates daily updates to its partners, supervisors, and**

**managers via a Starbucks Partner Portal.  The volume of those often daily updates makes**

**providing copies in response to this broad request grossly disproportionate to the needs of this**

**case.  In the event there were trainings or substantive policy changes affecting an individual**

**partner or supervisor, their personnel files will reflect having completed that training or**

**receipt of information regarding the policy change.  Starbucks provides copies of relevant**

**personnel files within.**

**Moreover, any policies or procedures that were implemented after April 24, 2018, are**

**not relevant to any potential claims or defenses at issue in the instant case.  Finally, the request**

**is overly broad in that it does not take into account that Starbucks has a myriad of polices that**

**are unrelated to the claims or potential defenses in this matter. Subject to and without waiving**

**its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks produces policies governing**

**employee conduct, diversity, safety and security that were in place on April 24, 2018.**

**Starbucks will not produce stand-alone policy documents governing Starbucks' non-United**

**States stores, or any other policies or materials unrelated to employee conduct or**

**discrimination/anti-discrimination. See Bates Nos. STARBUCKS0000079 -**

**STARBUCKS0000134; STARBUCKS0000001- STARBUCKS0000002; STARBUCKS0000003**

**-STARBUCKS0000078; STARBUCKS0000135-STARBUCKS0000166. Note, the**

**aforementioned documents must remain confidential pursuant to the February 7, 2020,**

**Protective Order [Docket #16].**

   7. All documents relating to complaints by customers or fellow employees against any
employee who was on duty at the Store on April 24, 2018.

     **Response: Starbucks objects to this Request on the grounds that it improperly seeks**

     **the disclosure of information that is neither material, necessary, relevant to the subject**

**matter of this action, nor proportional to the needs of the case. In particular, only three**

**Starbucks partners interacted with Plaintiff on April 24, 2018. Moreover, the entirety of**

**Plaintiff's Complaint is about the alleged actions of one barista. Therefore, customer**

**complaints about other store employees are irrelevant to any claim or defense in this action.**

**Further, the request is unlimited in time, and therefore it is overly broad. Subject to and**

**without waiving its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks will produce**

**a history of customer complaints at the GW Store from May 26, 2017, through May 17, 2019.**

**See Bates Nos. STARBUCKS0000221 - STARBUCKS0000645**

   8. All documents relating to complaints by customers or fellow employees against any
other Store employee.

**Response: Starbucks objects to this Request on the grounds that it improperly seeks the disclosure of information that is neither material, necessary, relevant to the subject matter of this action, nor proportional to the needs of the case.   In particular, only three Starbucks partners interacted with Plaintiff on April 24, 2018.  Moreover, the entirety of Plaintiff's Complaint is about the alleged actions of one barista.  Therefore, customer complaints about other store employees are irrelevant to any claim or defense in this action. Further, the request is unlimited in time, and therefore it is overly broad.   Further, the only employee against employee complaints that would be relevant here would involve Richard Washington.  Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks will produce a history of customer complaints at the Gelman Library, GWU Store from May 26, 2017, through May 17, 2019.  See Bates Nos. STARBUCKS0000221- STARBUCKS0000645.**

9.  All documents, including incident logs or similar records, concerning the incident described in the Complaint.

**Response: Response:  Starbucks Incident Report, Bates Nos. STARBUCKS0000216 - STARBUCKS0000219; STARBUCKS0000220**.

10.  Any other documents related to the allegations in the Complaint or to your defenses to those allegations.

**Response: See Documents referenced in Starbucks Interrogatory Responses and Request for Production of Documents.**

11.  All documents on which you relied in responding to any of Plaintiff's discovery requests, including his Requests.

**Response: See Documents referenced in Starbucks Interrogatory Responses and Request for Production of Documents**

12. All document-retention policies in effect at the Store from April 24, 2018.

**Response: See Bates Nos. STARBUCKS0000167- STARBUCKS0000215**

13. Copies of any litigation-hold or document-preservation notices issued in connection with this case or the incident alleged in the complaint.

**Response: Immediately upon receiving the May 1, 2018, demand letter, Starbucks began to manually self-collect documents in preparation for litigation including asking all partners and managers who may have knowledge of the incident to submit all responsive documents to Starbucks' Law and Corporate Affairs Division. Starbucks was in the process of transitioning from one electronic program, used to send hold notices, to another. On December 19, 2019, Starbucks supplemented its manual document collection requests with the attached electronic notice. Starbucks will supplement its responses with a copy of that notice.**

Dated: March 7, 2020    Respectfully submitted,

<u>/s/ Patricia Donkor</u>
Patricia Donkor (Bar No. 100455)
Alison N. Davis (Bar No. 429700)
LITTLER
815 Connecticut Ave NW, 4th Floor
Washington, DC 20006
(202) 842-3400
(202) 842-0011 (fax)
pdonkor@littler.com
andavis@littler.com

## CERTIFICATE OF SERVICE

I certify that on March 7, 2020, a copy of this document was served on the following

counsel for Plaintiff electronically:

> Timothy R. Clinton
> Gregory M. Lipper CLINTON & PEED
> 777 6th Street NW, 11th Floor
> Washington, DC 20001
> tim@clintonpeed.com
> glipper@clintonpeed.com
> *Counsel for Plaintiff*

Respectfully submitted,

/s/ Patricia Donkor
Patricia Donkor (Bar No. 100455)