EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAROLD STANLEY JACKSON,

        Plaintiff,

v.

STARBUCKS CORPORATION,
and JOHN DOE,

        Defendants.

Case No. 1:19-cv-01487

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO STARBUCKS CORP.**

Plaintiff serves these First Requests for Production. Please respond to these requests within 30 days.

**DEFINITIONS AND INSTRUCTIONS**

1. The terms "**you**" and "**your**" refer to you, Starbucks Corporation, and all of your current and former employees, agents, attorneys, and accountants.

2. The term "**Store**" means the Starbucks located at 2130 H Street NW in Washington, DC.

3. The terms "**concern**" and "**concerning**" are used as to mean information that in any way constitutes, comprises, consists of, contains, evidences, sets forth, proposes, shows, discloses, describes, discusses, mentions, explains, summarizes, deals with, identifies, analyzes, demonstrates, addresses, involves, regards, affects, reflects, pertains to, touches upon, refers to, or relates to, in whole or in part, the subject matter.

4. The term "**document**" is used herein in the broadest sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes all physical documents and electronically

stored information. The term "electronically stored information" includes (but is not limited to) digital or analog electronic files, including "deleted" files and file fragments. The term also includes e-mails, both sent and received, whether internally or externally, whether web-based or otherwise, and all attachments thereto; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all data generated by calendaring, task management, and similar software (such as Microsoft Outlook); all data created with the use of a mobile device; all data created with the use of document-management software; and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail. Further, for any electronically stored information not in a generally accessible format, it includes the software necessary to reconstruct the data (e.g., information held on a proprietary database or outdated application).

5. The term "**communications**" refers to any sending, delivery, receipt, exchange, or transmission of information, whether by oral, written, graphic, pictorial, or other means, including, but not limited to, conversations in person, meetings, telephone conversations, speeches, statements, letters, correspondence, e-mails, memoranda, reports, and notes.

6. Unless otherwise specified or otherwise reasonably understood from context, each document request shall be construed to apply to the time period from January 1, 2017 to the present.

7. Each document request shall operate and be construed independently. No document request shall limit the scope of any other document request.

8. All uses of the conjunctive include the disjunctive, and vice-versa. Words in the singular include the plural, and vice-versa. Dates are inclusive, unless stated otherwise.

9. In responding to these document requests, produce all non-identical copies of each responsive document. Examples of non-identical copies include, but are not limited to, copies with changes, edits, and corrections; copies with marginal comments and notations; and copies with additional or different attachments, exhibits, or enclosures.

10. If any request is objected to, the reasons for objection, including any claims of privilege, shall be stated in sufficient detail to permit Respondent to evaluate the validity of the objection and/or privilege asserted. With respect to each and every document requested, or portion thereof, that you refuse to produce, you shall identify (to the extent known) the document's title, caption, or heading; its date, author(s), addressee(s), other recipient(s), signatory or signatories; the subject matter of the document; its location and custodian; and the basis for the objection or claim of privilege. If you assert an objection or privilege with respect to a part of any document requested, you are required to produce the remaining portion(s) of the document.

11. Documents produced in response to these requests shall be produced as they are kept in the usual course of business, or according to the particular document request number, type, or category to which they are responsive. To the extent these document requests apply to electronic documents, such documents shall be produced in their native format. If native format production is not possible, the Parties shall work together to produce the documents in a usable form that preserves all discoverable metadata. For convenience, you may produce documents initially in Adobe PDF format, but shall produce natives (and/or relevant metadata) upon request.

12. These document requests cover all documents that are within your possession, custody or control, regardless of whether they are currently in your possession, including, but not limited to, all documents that are in the possession of your agents, attorneys, colleagues,

accountants, friends, relatives, physicians, and any other person from whom you may reasonably obtain said documents.

### REQUESTS FOR PRODUCTION

1. All electronic surveillance (including any video, audio, and security camera footage) of the Store (including its interior and exterior) recorded on April 24, 2018.

2. All communications discussing Plaintiff Harold Jackson (whether or not he is identified by name) or the events described in the Complaint.

3. The personnel files of any person working at the Store on April 24, 2018.

4. Any notes relating to conversations, meetings, or phone calls with the person described in the Complaint as John Doe, or relating to the incident described in the Complaint.

5. All employee training materials, including manuals, instructional materials, emails, and other documents.

6. All documents related to discrimination or nondiscrimination, by the Store or its employees, on the basis of race, religion, ethnicity, personal appearance, or nationality.

7. All documents relating to complaints by customers or fellow employees against any employee who was on duty at the Store on April 24, 2018.

8. All documents relating to complaints by customers or fellow employees against any other Store employee.

9. All documents, including incident logs or similar records, concerning the incident described in the Complaint.

10. Any other documents related to the allegations in the Complaint or to your defenses to those allegations.

11. All documents on which you relied in responding to any of Plaintiff's discovery requests, including his interrogatories.

12. All document-retention policies in effect at the Store from April 24, 2018.

13. Copies of any litigation-hold or document-preservation notices issued in connection with this case or the incident alleged in the complaint.

Dated:  August 14, 2019                              Respectfully submitted,

/s/ Timothy R. Clinton
Timothy R. Clinton (D.C. Bar No. 497901)
Gregory M. Lipper (D.C. Bar No. 494882)
CLINTON & PEED
777 6th Street NW, 11th Floor
Washington, DC 20001
(202) 621-1828
(202) 204-6320 (fax)
tim@clintonpeed.com
glipper@clintonpeed.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this date, a copy of this document was served on the following counsel for Defendant:

>Alison N. Davis (Bar No. 429700)
>Olaoluwaposi O. Oshinowo (Bar No. 1045617)
>LITTLER MENDELSON, P.C.
>815 Connecticut Avenue, NW, 4th Floor
>Washington, DC  20006
>202.842.3400
>202.842.0011 (fax)
>andavis@littler.com
>ooshinowo@litter.com
>
>*Counsel for Defendant Starbucks Corporation*

Date: August 14, 2019                    /s/ Timothy R. Clinton
                                         Timothy R. Clinton