**Timothy Clinton**

| | |
|---|---|
| **From:** | Donkor, Patricia <PDonkor@littler.com> |
| **Sent:** | Thursday, July 02, 2020 12:56 PM |
| **To:** | Timothy Clinton |
| **Cc:** | Carrie Apfel; Jonathan Lamb; Susan Simpson; Greg Lipper; Davis, Alison N. |
| **Subject:** | RE: follow up re discovery |

Good Afternoon Tim:

We have spoken with our client regarding Requests for Production Nos. 5, 6 and 8, and Interrogatories Nos. 1 and 5, which are the only issues on which you are willing to comprise.  Below is Starbucks position with regard to those discovery requests:

**RFP 5 - All employee training materials, including manuals, instructional materials, emails, and other documents.**

Starbucks stands on its relevance, proportionality and overbreadth objections to Request No. 5.  Without waiving those objections, Starbucks is conducting a search for information for the time period April 1, 2017 thru December 31, 2018 relating to training received by partners in the Gilman Library location relating to incident response, robbery prevention, safety program, shoplifting, workplace violence prevention, anti-discrimination and diversity training relating to customers that is readily accessible.  Starbucks will supplement its response in accordance with Rule 26(e) based on information which it is able to locate.

**RFP 6 – All documents related to discrimination or nondiscrimination, by the Store or its employees, on the basis of race, religion, ethnicity, personal appearance, or nationality.**

Starbucks stands on its relevance, proportionality and overbreadth objections to Request No. 6.  Without waiving those objections, Starbucks has no record relating to discrimination by the Store or its employees as there has been no complaints in which the Store or a partner have been accused of discrimination; other than this lawsuit.  In addition to the training which Starbucks required all partners to undertake on May 29, 2018, Starbucks is conducting a search for any communications which partners in the Gilman Library Store would have received regarding Starbucks direction to partners that all customers should feel welcome.  Starbucks will supplement this response in accordance with Rule 26(e).

**RFP 8 -  All documents related to complaints by customers or fellow employees against any other Store employee.**

Starbucks stands on its relevance, proportionality and overbreadth objections to Request No. 8.  Without waiving those objections, as noted with respect to Request No. 6, Starbucks has no record related to discrimination by the Store or its employees as there has been no complaint in which a partner has been accused of discrimination by a fellow employee.  With respect to complaints by customers against a partner, Starbucks has produced responsive information.  We are in the process of reviewing the 2,000 separately recorded complaints to identify those, if any, were not complaints about the quality of their beverage, the cleanliness of the store, timeliness of service as opposed to complaints about courtesy.  We will supplement this response in accordance with Rule 26(e).

**Interrogatory No. 1 – Identify each employee working at the Store at any time during the period from January 1, 2018 through June 30, 2018**.

Without waiving its objections, Starbucks will supplement its response in accordance with Rule 26(e).

**Interrogatory 5 - Identify your policies and procedures with respect to diversity training.**

1

Without waiving its objections, Starbucks will supplement its response with information relating to ensuring all customers feel welcome at the Gelman Library store in accordance with Rule 26(e).

Best,

**Patricia Donkor**
Attorney at Law
202.772.2512 direct, 202.897.9302 mobile
PDonkor@littler.com



Labor & Employment Law Solutions | Local Everywhere
815 Connecticut Avenue, NW, Suite 400, Washington, DC 20006-4046

**From:** Timothy Clinton <tim@clintonpeed.com>
**Sent:** Tuesday, June 23, 2020 3:19 PM
**To:** Donkor, Patricia <PDonkor@littler.com>
**Cc:** Carrie Apfel <carrie@clintonpeed.com>; Jonathan Lamb <jlamb@clintonpeed.com>; Susan Simpson <susan@clintonpeed.com>; Greg Lipper <glipper@clintonpeed.com>; Davis, Alison N. <ANDavis@littler.com>
**Subject:** RE: follow up re discovery

Sure. Let me propose this:

1. If you agree that Starbucks has waived all of its non-privilege and non-relevance objections (e.g., overbreadth and proportionality), we will not argue that it waived its privilege objections.
2. Your statement to the Court that you "directed the search" by reviewing whatever Starbucks' in-house paralegal gave you does not—in our view—comply with your legal obligation to ensure that your *collection* was reasonably complete. We will be moving on that ground.
    a. This is especially true since you have produced no emails, memos, meeting agendas, diversity training handbooks (with or without notes), or internal communications (e.g., intra-Store, between the Store and higher levels of management, e.g., district/region/corporate, or internal communications at the Corporate office).
3. We will agree not to contact customers whose only complaint is that they were served the wrong drink, or their drink wasn't made to their satisfaction, if you will re-produce an undoctored native version of Starbucks0000221.
4. We are not at this time prepared to offer any further compromise on RFPs 5, 6, or 8, or ROGs 1 or 5. We are open to hearing proposals, however.
5. For ROG 6, we recognize our question narrowly applied to "policies," when it should have been drafted to more broadly encompass "practices." We will note move to compel an additional response to ROG 6.

Thanks,

Tim

**From:** Donkor, Patricia <PDonkor@littler.com>
**Sent:** Tuesday, June 23, 2020 3:04 PM
**To:** Timothy Clinton <tim@clintonpeed.com>