UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAROLD STANLEY JACKSON,

　　　　Plaintiff,

　　v.

STARBUCKS CORPORATION,
and JOHN DOE,

　　　　Defendants.

Case No. 1:19-cv-01487

**STARBUCKS CORPORATION'S FIRST SUPPLEMENT TO ITS ANSWERS AND OBJECTIONS TO NUMBERS 5-8, AND 13, OF PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Starbucks Corporation ("Starbucks" or "Defendant") hereby supplements its answers and objections to Plaintiff Harold Stanley Jackson's First Set of Requests for Production of Documents Numbers 5-8 and 13.

**PRELIMINARY STATEMENT**

Starbucks's Answers and Objections are made solely for the purpose of this action. These Answers and Objections are based only upon information presently available to Starbucks and, except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Starbucks has answered or objected to any request should not be taken as an admission that Starbucks accepts or admits the existence of any fact set forth or assumed by such Request, or that such Answer or Objection constitutes admissible evidence.

Starbucks objects to Plaintiff's Requests to the extent that they attempt or purport to impose obligations beyond those authorized by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia. Starbucks specifically objects to, rejects and repudiates, the "Instructions" and "Definitions" in Plaintiff's Requests and it shall

provide objections and responses in accordance with the Federal Rules of Civil Procedure, and the objections and limitations set forth herein.

Starbucks states that the inadvertent production of any privileged documents, information or materials shall not constitute a waiver of any applicable privilege with respect to such documents, information or materials.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

3.  The personnel files of any person working at the Store on April 24, 2018.

**Response: Starbucks objects to this Request on the grounds that it improperly seeks the disclosure of information that is neither material, necessary, relevant to the subject matter of this action, nor proportional to the needs of the case. In particular, only three Starbucks partners interacted with Plaintiff on April 24, 2018. Moreover, the entirety of Plaintiff's Complaint is about the alleged actions of one barista. The personnel files of employees that did not interact with Plaintiff are irrelevant to any claims or defenses in this matter. Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks will produce personnel files for the partners that were on duty on April 24, 2018.** *See* **Bates Nos. STARBUCKS0000767- STARBUCKS0000811; STARBUCKS0000673-STARBUCKS0000743; STARBUCKS0000646 -STARBUCKS0000672; STARBUCKS0000744-STARBUCKS0000766; STARBUCKS0000822; STARBUCKS0000823-854; STARBUCKS0000855; STARBUCKS0000856; STARBUCKS0000857-908; STARBUCKS0000909-921; STARBUCKS0000922-957; STARBUCKS0000958; STARBUCKS0000959-1013. Note, the personnel files are confidential and subject to the February 7, 2020, Protective Order [Docket No. 16].**

5. All employee training materials, including manuals, instructional materials, emails, and other documents.

**Response: Starbucks objects to this Request on the grounds that it improperly seeks the disclosure of information that is neither material, necessary, relevant to the subject matter of this action, nor proportional to the needs of the case. In particular, only three Starbucks partners interacted with Plaintiff on April 24, 2018. Moreover, the entirety of Plaintiff's Complaint is about the alleged actions of one barista. Thus, training materials relating to non-barista positions are irrelevant.**

**Next, Starbucks regularly communicates daily updates to its partners, supervisors, and managers via a Starbucks Partner Portal. The volume of those often daily updates makes providing copies in response to this broad request grossly disproportionate to the needs of this case. In the event there were trainings or substantive policy changes affecting an individual partner or supervisor, their personnel files will reflect having completed that training or receipt of information regarding the policy change. Starbucks provides copies of relevant personnel files within.**

**Moreover, any policies or procedures that were implemented after April 24, 2018, are not relevant to any potential claims or defenses at issue in the instant case. Finally, the request is overly broad in that it does not take into account that Starbucks has a myriad of polices that are unrelated to the claims or potential defenses in this matter. Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks produces policies governing employee conduct, diversity, safety and security. Starbucks will not produce stand-alone policy documents governing Starbucks' non-United States stores, or any other policies or materials unrelated to employee conduct or discrimination/anti-discrimination.** *See* **Bates Nos. STARBUCKS0000079 -STARBUCKS0000134; STARBUCKS0000001-STARBUCKS0000002; STARBUCKS0000003-STARBUCKS0000078; STARBUCKS0000135-**

STARBUCKS0000166; STARBUCKS0001262-1313; STARBUCKS0001316-1374; STARBUCKS0001371-1415; STARBUCKS0001417-1484; STARBUCKS0001485-1552; STARBUCKS0001553-1592; 1593-1603; STARBUCKS0001604-1636; STARBUCKS0001637-1640; STARBUCKS0001641-1670; STARBUCKS0001671-1726; STARBUCKS0001727- STARBUCKS0001729; STARBUCKS0001730-1731.  Note, several of the aforementioned documents contain confidential designations pursuant to the February 7, 2020, Protective Order [Docket #16].

  6.  All documents related to discrimination or nondiscrimination, by the Store or its employees, on the basis of race, religion, ethnicity, personal appearance, or nationality.

  **Response: Starbucks** objects to this Request on the grounds that it improperly seeks the disclosure of information that is neither material, necessary, relevant to the subject matter of this action, nor proportional to the needs of the case.  In particular, only three Starbucks partners interacted with Plaintiff on April 24, 2018.  Moreover, the entirety of Plaintiff's Complaint is about the alleged actions of one barista.  Thus, training materials relating to non-barista positions are irrelevant.

  Next, Starbucks regularly communicates daily updates to its partners, supervisors, and managers via a Starbucks Partner Portal.  The volume of those often daily updates makes providing copies in response to this broad request grossly disproportionate to the needs of this case.  In the event there were trainings or substantive policy changes affecting an individual partner or supervisor, their personnel files will reflect having completed that training or receipt of information regarding the policy change.  Starbucks provides copies of relevant personnel files within.

  Moreover, any policies or procedures that were implemented after April 24, 2018, are not relevant to any potential claims or defenses at issue in the instant case.  Finally, the request is overly broad in that it does not take into account that Starbucks has a myriad of polices that

are unrelated to the claims or potential defenses in this matter.  Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks produces policies governing employee conduct, diversity, safety and security.  Starbucks will not produce stand-alone policy documents governing Starbucks' non-United States stores, or any other policies or materials unrelated to employee conduct or discrimination/anti-discrimination.  *See* Bates nos. STARBUCKS0000079 -STARBUCKS0000134; STARBUCKS0000001-STARBUCKS0000002; STARBUCKS0000003-STARBUCKS0000078; STARBUCKS0000135-STARBUCKS0000166; STARBUCKS0001262-1313; STARBUCKS0001316-1374; STARBUCKS0001371-1415; STARBUCKS0001417-1484; STARBUCKS0001485-1552; STARBUCKS0001553-1592; 1593-1603; STARBUCKS0001604-1636; STARBUCKS0001637-1640; STARBUCKS0001641-1670; STARBUCKS0001671-1726.   Note, several of the aforementioned documents contain confidential designations pursuant to the February 7, 2020, Protective Order [Docket #16].

7. All documents relating to complaints by customers or fellow employees against any employee who was on duty at the Store on April 24, 2018.

**Response: Starbucks objects to this Request on the grounds that it improperly seeks the disclosure of information that is neither material, necessary, relevant to the subject matter of this action, nor proportional to the needs of the case.  In particular, only three Starbucks partners interacted with Plaintiff on April 24, 2018.  Moreover, the entirety of Plaintiff's Complaint is about the alleged actions of one barista.  Therefore, customer complaints about other store employees are irrelevant to any claim or defense in this action.  Further, the request is unlimited in time, and therefore it is overly broad.  Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks has not received any complaints about an employee that was on duty on April 24, 2018, from any other employee.  Starbucks will produce complaints, alleging rude partner behavior, made by**

customers of the Gelman Library store between May 26, 2017, through May 17, 2019. All other customer complaints received during that period were related to service items and are not relevant to the claims in this case and will not be produced. *See* Bates Nos. STARBUCKS0001733. Note, of the aforementioned document contains confidential designations pursuant to the February 7, 2020, Protective Order [Docket #16].

8. All documents relating to complaints by customers or fellow employees against any other Store employee.

**Response:** Starbucks objects to this Request on the grounds that it improperly seeks the disclosure of information that is neither material, necessary, relevant to the subject matter of this action, nor proportional to the needs of the case. In particular, only three Starbucks partners interacted with Plaintiff on April 24, 2018. Moreover, the entirety of Plaintiff's Complaint is about the alleged actions of one barista. Therefore, customer complaints about other store employees are irrelevant to any claim or defense in this action. Further, the request is unlimited in time, and therefore it is overly broad. Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 34(b)(2)(C), Starbucks has not received any complaints about an employee from any other employee. Starbucks will produce complaints, alleging rude partner behavior, made by customers of the Gelman Library store between May 26, 2017, through May 17, 2019. All other customer complaints received during that period were related to service items and are not relevant to the claims in this case and will not be produced. *See* Bates Nos. STARBUCKS0001733. Note, of the aforementioned document contains confidential designations pursuant to the February 7, 2020, Protective Order [Docket #16].

13. Copies of any litigation-hold or document-preservation notices issued in connection with this case or the incident alleged in the complaint.

**Response: Immediately upon receiving the May 1, 2018, demand letter, Starbucks began to manually self-collect documents in preparation for litigation including asking all partners and managers who may have knowledge of the incident to submit all responsive documents to Starbucks' Law and Corporate Affairs Division.  Starbucks was in the process of transitioning from one electronic program, used to send hold notices, to another.  On December 19, 2019, Starbucks supplemented its manual document collection requests with an electronic notice:** *see* **Bates Number STARBUCKS0001314-1315.**

Dated:  July 28, 2020

Respectfully submitted,

/s/ Patricia Donkor
Patricia Donkor (Bar No. 100455)
Alison N. Davis (Bar No. 429700)
LITTLER
815 Connecticut Ave NW, 4th Floor
Washington, DC  20006
(202) 842-3400
(202) 842-0011 (fax)
pdonkor@littler.com
andavis@littler.com

### CERTIFICATE OF SERVICE

I certify that on July 28, 2020, a copy of this document was served on the following counsel for Plaintiff electronically:

Timothy R. Clinton
Gregory M. Lipper CLINTON & PEED
777 6th Street NW, 11th Floor
Washington, DC 20001
tim@clintonpeed.com
glipper@clintonpeed.com
*Counsel for Plaintiff*

Respectfully submitted,

*/s/ Patricia Donkor*
Patricia Donkor (Bar No. 100455)